# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GBB1, INC. and VICTOR FRANCO,<br><br>                          Plaintiffs,<br><br>vs.<br><br>JP MORGAN CHASE BANK NATIONAL ASSOCIATION, and DOES 1 to 250, inclusive,<br><br>                          Defendants. | CASE NO. 12CV849 JLS (WVG)<br><br>**ORDER (1) GRANTING PLAINTIFFS' MOTION SEEKING LEAVE TO FILE FIRST AMENDED COMPLAINT AND (2) DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO EXPUNGE RECORDED LIS PENDENS**<br><br>(ECF Nos. 6, 9) |

Presently before the Court are Defendant JP Morgan Chase Bank, N.A.'s ("JP Morgan" or "Defendant") Motion to Dismiss Plaintiff's Complaint and Motion to Expunge Recorded Lis Pendens, (Mot. to Dismiss, ECF No. 6), and Plaintiffs GBB1, Inc. ("GBB1") and Victor Franco's ("Franco," and collectively "Plaintiffs") Motion Seeking Leave to File First Amended Complaint, (Mot. File FAC, ECF No. 9).  Also before the Court is JP Morgan's response in opposition to Plaintiffs' motion for leave to amend. (Resp. in Opp'n, ECF No. 16)  The hearings set for the motions on June 21, 2012, and July 5, 2012, respectively, were vacated, and the matters taken under submission on the papers.  Having considered the parties' arguments and the law, the Court **GRANTS** Plaintiffs' motion for leave to file an amended complaint and **DENIES AS MOOT** JP Morgan's motion to dismiss.

## BACKGROUND

Plaintiffs first filed this action in the Superior Court of California for the County of San Diego on February 24, 2012. (Notice of Removal Ex. A,[1] at 11, ECF No. 1)  The original complaint asserts one cause of action for rescission of notice of default.  (*Id.* at 13–14)

On April 6, 2012, JP Morgan removed to this Court on grounds of diversity jurisdiction, (Notice of Removal, ECF No. 1), and thereafter filed a motion to dismiss on April 12, 2012, (Mot. to Dismiss, ECF No. 6).  The Court set a briefing schedule on JP Morgan's motion to dismiss, directing Plaintiffs to respond on or before May 10, 2012.  (Order, Apr. 18, 2012, ECF No. 8)

Before the deadline to respond to the motion to dismiss and just one day after the period for amendment as a matter of course, *see* Fed. R. Civ. P. 15(a)(1)(B),[2] Plaintiffs filed their motion for leave to file an amended complaint, (Mot. File FAC, ECF No. 9).  But as of the date of this Order, Plaintiffs have failed to respond to JP Morgan's motion to dismiss.[3]  Nor did they file their (optional) reply in support of their motion for leave to amend.

Plaintiffs' amended complaint seeks to drop GBB1 as a plaintiff, add Enriqueta Franco as a plaintiff, and to "provid[e] the court with a full and complete statement of facts and the basis for the relief sought by the Plaintiffs."  (Mot. File FAC 3, ECF No. 9)  The proposed amended complaint contains fifty-eight paragraphs to the original complaint's fifteen, but still asserts just

---

[1] Pin cites to exhibits utilize the page numbers assigned by CM/ECF.

[2] Federal Rule of Civil Procedure 15(a)(1)(B) allows for amending as a matter of course within twenty-one days after service of a motion under Rule 12(b).  Here, JP Morgan's Rule 12(b) motion was filed on April 12, 2012, and accordingly Plaintiffs had until May 3, 2012, to amend without seeking the Court's leave.  Rather than take advantage of this right to amend as a matter of course, Plaintiffs filed their motion one day after the twenty-one day period expired, on May 4, 2012.

[3] Civil Local Rule 7.1.e.2 requires a party opposing a motion to file an opposition or statement of nonpposition no later than fourteen days prior to the noticed hearing, unless otherwise provided by Court Order.  Under Local Rule 7.1.f.3.c, "[i]f an opposing party fails to file the papers in the manner requested by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."  "The Ninth Circuit has held a district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond."  *Navarro v. Greenlight Fin. Servs.*, No. 10cv1631, 2010 U.S. Dist. LEXIS 111018, at *3–4 (S.D. Cal. Oct. 19, 2010) (citing *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)).
    Thus, pursuant to the Local Rules, the Court may grant JP Morgan's motion solely on the basis of Plaintiffs' failure to respond.  But the Court is not required to do so.  Here, the Court finds that in the interests of justice dismissal on this basis is not warranted.  Plaintiffs are advised, however, that any future failures to comply with this Court's Orders and deadlines may result in sanctions.

one cause of action: "Set aside of trustee sale." (Proposed FAC, ECF No. 9-1) In addition, it appears to add several allegations with the purpose of curing some of the deficiencies noted in JP Morgan's motion to dismiss. (*See, e.g.*, *id.* ¶¶ 56–58 (alleging that tender is not required in this case))

### LEGAL STANDARD

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). But while the rule should be interpreted extremely liberally, leave should not be granted automatically. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). A trial court may deny a motion for leave to amend based on various factors, including bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the party has previously amended. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### ANALYSIS

JP Morgan opposes Plaintiffs' motion for leave to amend primarily on the basis that amendment would be futile, but also because of undue delay, bad faith, and prejudice. (*See generally* Resp. in Opp'n, ECF No. 16) The Court considers each in turn.

**1. Futility**

"A proposed amendment is futile only if no set of facts can be proven under the amendment to the pleadings that would constitute a valid and sufficient claim." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). In its pending motion to dismiss and in opposition to Plaintiffs' motion for leave to amend, JP Morgan lists several reasons why Plaintiffs' claims fail as a matter of law. At this early stage, however, the Court, in its discretion, declines to deny leave to amend for futility without prejudice to JP Morgan bringing a renewed motion to dismiss.

Because Plaintiffs neither opposed JP Morgan's motion to dismiss nor filed a reply in support of their motion for leave to file an amended complaint, Plaintiffs have yet to address any of the arguments raised by JP Morgan in support of dismissal. In light of the fact that the Court has yet to hear from Plaintiffs on any of these issues, and because the proposed amended

complaint purports to address several of the deficiencies of the original complaint, the Court cannot find at this juncture that "no set of facts can be proven under the amendment to the pleadings that could constitute a valid and sufficient claim." *Miller*, 845 F.2d at 214. Thus, the Court declines to deny leave to amend on the basis of futility.

**2. Undue Delay, Bad Faith, Prejudice**

In most situations, undue delay by itself "is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). But in some egregious cases, delays may be sufficient on their own to deny amendment. *See AmerisourceBergen Corp v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). Under the undue delay analysis, a relevant inquiry is also whether the plaintiff "knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1388.

JP Morgan asserts that because Enriqueta Franco was Plaintiff Franco's wife at the time the original complaint was filed, there is no reason she should not have been joined as a party at the time of filing. While the Court has an aversion towards allowing amendments that could have been made earlier, the Court is not convinced that Plaintiffs' decision not to amend at an earlier date was a tactical one. Indeed, more tactical would have been to amend one day sooner, when they could have done so without seeking the Court's permission.

JP Morgan additionally suggests that Plaintiffs' "actions are nothing more than a tactical maneuver to avoid having to answer for failing to respond to Defendant's Motion to Dismiss, resulting in undue prejudice to Defendant." (Resp. in Opp'n 10, ECF No. 16) While this argument would seem to have merit in light of Plaintiffs' failure to respond to JP Morgan's motion to dismiss—which, as explained *supra* at note 3, is grounds for granting the motion—the Court again doubts that Plaintiffs' move was a tactical one. Plaintiffs filed their motion *before* their opposition to JP Morgan's motion was due; it could only have been a tactical move to avoid dismissal for failure to respond if it had been filed *after* the opposition was due.

Moreover, the Court notes this case has been pending only since April 2012. In light of the Court's preference to dispose of cases on the merits, Plaintiffs' motion for leave to amend will not be denied on the basis of undue delay, bad faith, or prejudice to JP Morgan.

**3. Motion to Dismiss**

"[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). As such, JP Morgan's pending motion to dismiss concerning the original complaint must be **DENIED AS MOOT**.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion for leave to file an amended complaint is **GRANTED**. Plaintiff **SHALL FILE** their amended complaint within fourteen days of the date this Order is electronically docketed. JP Morgan's motion to dismiss is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATED: August 17, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge