# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GBB1, INC. AND VICTOR FRANCO,<br><br>　　　　　　　　Plaintiffs,<br>vs.<br><br>JP MORGAN CHASE BANK NATIONAL ASSOCIATION; and DOES 1-250 inclusive,<br><br>　　　　　　　　Defendants. | CASE NO. 12CV849 JLS (WVG)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND MOTION TO EXPUNGE RECORDED LIS PENDENS**<br><br>(ECF No. 6) |

Presently before the Court is Defendant JP Morgan Chase Bank, N.A.'s ("JP Morgan" or "Defendant") Motion to Dismiss Plaintiff's Complaint and Motion to Expunge Recorded Lis Pendens. (Mot. to Dismiss, ECF No. 6). Also before the Court is Plaintiffs GBB1, Inc. ("GBB1") and Victor Franco's ("Franco," and collectively, "Plaintiffs") response in opposition (Resp. in Opp'n, ECF No. 22) and JP Morgan's reply in support, (Reply in Supp., ECF No. 23). Having considered the parties' arguments and the law, the Court **GRANTS** JP Morgan's motion to dismiss and motion to expunge.

## BACKGROUND

**1. Factual Background**

This action arises from a residential loan for $520,000 that plaintiff Franco entered into on March 23, 2007. (Request for Judicial Notice ("RJN"), Ex. 1, at 2,

ECF No. 6-1).[1]  This loan was secured by a Deed of Trust on the real property located at 2502 and 2508 Rainbow Valley Blvd., Fallbrook, California, 92028 ("the Property").  (RJN, Ex. 1, ECF No. 6-1).  Washington Mutual is listed as the beneficiary on the Deed of Trust.  (*Id.* at 8-9).  Subsequently, on September 25, 2008, JP Morgan purchased the loan on the Property from Washington Mutual by way of a Purchase and Assumption Agreement.  (RJN, Ex. 3, ECF No. 6-1).  Plaintiff Franco then defaulted on the loan and a Notice of Default ("NOD") was recorded on September 22, 2010.  (RJN, Ex. 4, ECF No. 6-1).  On November 3, 2010, a Substitution of Trustee was recorded, in which Quality Loan Service, Corp. was substituted as trustee.  (RJN, Ex. 5, ECF No. 6-1).  On December 28, 2010 a Notice of Trustee Sale was recorded, *(*RJN, Ex. 6, ECF No. 6-1), and JP Morgan later purchased the Property at public auction for $610,055.91 on August 26, 2011.  (Mot. to Dismiss 2, ECF No. 6-2).  Plaintiff Franco then attempted to transfer the Property to GBB1, Inc. on August 27, 2011.  (Notice of Removal, Ex. A, ¶ 5, ECF No. 1).  Thereafter, JP Morgan recorded the Trustee's Deed Upon Sale from the public auction sale on January 5, 2012.  (RJN, Ex. 6, ECF 6-1).

**2. Procedural Background**

Plaintiffs filed this action in the Superior Court of California for the County of San Diego on February 24, 2012.  (Notice of Removal, Ex. A, at 11, ECF No. 1).  The original complaint asserts one cause of action for rescission of notice of default.

---

[1] Defendant requests that the Court take judicial notice of Exhibits 1 through 8. (RJN, ECF No. 6-1).  Generally, on a motion to dismiss,  a court may consider only three things: (1) "allegations contained in the pleadings," (2) "exhibits attached to the complaint," and (3) "matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted).  Nonetheless, a court may also "consider a writing referenced in a complaint but not explicitly incorporated herein if the complaint relies on the document and its authenticity is unquestioned." *Id.* (citation omitted).  Plaintiffs do not oppose Defendant's request for judicial notice—Plaintiffs even cite to some of the documents in their opposition brief.  (*See* Resp. in Opp'n 10, ECF No. 22).  Moreover, the documents are publicly recorded and their authenticity is not in dispute.  Thus, the Court takes judicial notice of these exhibits.

(*Id.* at 13–14). Plaintiffs' theory is that the notice of default filed by JP Morgan is void because the notice lists JP Morgan as beneficiary, instead of Washington Mutual, the beneficiary that appears listed on the Deed of Trust, or Finance America, LLC, the lender that appears listed on the promissory note. (Notice of Removal ¶¶ 7-8, ECF No. 1). Plaintiffs also filed a Notice of Pendency of Action ("Lis Pendens") with the San Diego County Recorder's Office on March 1, 2012 under Document Number 2012-0120046. (RJN, Ex. 8, EFC No. 6-1).

On April 6, 2012, JP Morgan removed the action to this Court on grounds of diversity jurisdiction, (Notice of Removal, ECF No. 1), and thereafter filed a motion to dismiss on April 12, 2012, (Mot. to Dismiss, ECF No. 6). Before the deadline to respond to the motion to dismiss and just one day after the period for amendment as a matter of course, *see* Fed. R. Civ. P. 15(a)(1)(B), Plaintiffs filed a motion for leave to file an amended complaint. (ECF No. 9). On August 17, 2012, the Court granted Plaintiffs' motion and allowed Plaintiffs fourteen days to file their amended complaint. (ECF No. 19). The Court concurrently denied as moot Defendant's motion to dismiss. (*Id.*).

Plaintiffs subsequently failed to file an amended complaint by the deadline set by the Court. Instead, on October 29, 2012, Plaintiffs filed an emergency motion seeking additional time to file the amended complaint. (ECF No. 20). On November 14, 2012, the Court denied Plaintiffs' motion for extension of time. (ECF No. 21). The Court reinstated the original complaint as the operative pleading, vacated its prior ruling denying Defendant's motion to dismiss, and ordered Plaintiffs to respond to Defendant's motion.

Thereafter, Plaintiffs filed a response in opposition to Defendant's motion to dismiss on December 6, 2012. (Resp. in Opp'n, ECF No. 22). Defendant filed a reply in support of its motion to dismiss on December 13, 2012. (Reply in Supp., ECF No. 23).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677(citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience

and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* Moreover, "for a complaint to be dismissed because the allegations give rise to an affirmative defense[,] the defense clearly must appear on the face of the pleading." *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990). The Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

**ANALYSIS**

**1. Motion to Dismiss Plaintiff's Claim for Rescission**

JP Morgan makes two arguments for dismissal of Plaintiffs' claim for rescission of the notice of default. First, JP Morgan argues that the notice of default is not deficient, as Plaintiffs claim, because it reveals the name of the beneficiary as stated on the Deed of Trust. (Mot. to Dismiss 6-7, ECF No. 6-1). Second, JP Morgan contends that, even if the notice of default is deficient, Plaintiffs fail to state a claim for rescission because they do not allege that any prejudice resulted from the purported errors in the notice of default and they also fail to allege tender or ability to tender. (*Id.* at 7-8). The Court addresses each basis for dismissal in turn.

*A. Deficiency of the Notice of Default*

The components of a notice of default are prescribed by statute. California Civil Code section 2924c(b)(1) requires that a proper notice of default include the "name of the beneficiary or mortgagee," along with its mailing address and telephone number. Cal. Civ. Code § 2924c(b)(1).

Here, Plaintiffs allege that the notice of default fails to comply with the statutory requirement because it lists JP Morgan as the beneficiary, rather than

Finance America LLC, the lender identified on the promissory note. (Notice of Removal, Ex. A, ¶13, ECF No. 1; RJN, Ex. 2, ECF No. 6-1). JP Morgan contends, however, that the relevant Deed of Trust identifies Washington Mutual, JP Morgan's predecessor, as the beneficiary. (Mot. to Dismiss 6, ECF No. 6-2). JP Morgan argues that, in light of the Purchase and Assumption Agreement submitted for judicial notice, Washington Mutual became JP Morgan, and as such it is proper for JP Morgan to appear as the beneficiary on the notice of default. (*Id.*).

Plaintiffs argue that the conflict between the terms of the note and the Deed of Trust creates ambiguity as to the identity of the true beneficiary that must be resolved in Plaintiffs' favor.[2] (Resp. in Opp'n 10, ECF No. 22). Plaintiffs' argument fails, however, because the Deed of Trust clearly identifies Washington Mutual, which is now JP Morgan, as the beneficiary. (RJN, Ex. 2, at 8-9, ECF No. 6-1). Accordingly, the notice of default may list JP Morgan as the beneficiary to the exclusion of any other lenders. *See Perkins v. Chad Dev. Corp.*, 95 Cal. App. 3d 645, 651 (1979) (holding that, when there are two beneficiaries, only one beneficiary must sign "to give notice of default and election to sell"); *see also Ayala v. World Savings Bank, FSB*, 616 F. Supp. 2d 1007, 1015 (C.D. Cal. 2009) ("Defendants have also attached a string of documents which, when followed to their logical end, evidence that on January 1, 2008, World did indeed become Wachovia. Thus, contrary to Plaintiffs' arguments otherwise, Wachovia f/k/a World was in fact the beneficiary under the Deed of Trust and, therefore, had the privilege to record a notice of default and proceed to a trustee's sale upon Plaintiffs' alleged default.")

///

---

[2] Plaintiffs also contend that the change in beneficiary must have been recorded. It is settled law, however, that only a change in mortgagee must be recorded, not a change in the beneficiary on a deed of trust. *See Calvo v. HSBC Bank USA, N.A.*, 130 Cal. Rptr. 3d 815, 818 (2011) ("It has been established since 1908 . . . that [the] statutory requirement that an assignment of the beneficial interest in a debt secured by real property must be recorded in order for the assignee to exercise the power of sale *applies only to a mortgage and not to a deed of trust*.") (emphasis added).

***B. Lack of Prejudice***

JP Morgan also contends that Plaintiffs' rescission claim fails because "[c]ourts have rejected claims of deficient notice where no prejudice was suffered as the result of a procedural irregularity." *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1186 (N.D. Cal. 2009) (quoting *Knapp v. Doherty*, 20 Cal. Rptr. 3d 1, 15 (Cal. Ct. App. 2004)).

Here, Plaintiffs allege no facts demonstrating that prejudice was suffered as a result of the allegedly deficient notice of default. Thus, the Court agrees with Defendant that Plaintiffs fail to allege a claim for rescission based on a defective notice of default.

Moreover, to effect a rescission, the party seeking to do so must "restore to the other party everything of value which he has received from him under the contract or offer to restore the same . . . ." Cal. Civ. Code 1691(b). "[A]n essential prerequisite to challenging the foreclosure sale is the ability to tender the amount of indebtedness . . . ." *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 255 Cal. Rptr. 157, 160 (Cal. Ct. App. 1989); *see also Gomez v. Wachovia Mortg. Corp.*, No. CV-09-02111 SBA, 2010 U.S. WL 291817 at *6 (N.D. Cal. Jan. 19, 2010).

Here, Plaintiffs' complaint includes no allegation of tender, an offer of tender, or an ability to tender. Plaintiffs provide no indication that they can, or would, pay the debt owed, or otherwise avoid the foreclosure and sale of the property.

Plaintiffs request leave to amend the complaint to attempt to remedy the deficiencies noted above, but the Court finds that further leave to amend in this case would be improper. This Court granted Plaintiffs' motion for leave to amend and provided Plaintiffs with ample time to file an amended complaint. (ECF No. 19). Plaintiff failed to file within the deadline provided and this Court declined to accept the untimely filing. Instead, the Court ordered Plaintiffs to respond to JP Morgan's motion to dismiss. (ECF No. 21).

In short, Plaintiffs had an opportunity to amend and they failed to take

advantage of it. Further leniency is not required in this matter and would only result in prejudice to Defendant. Accordingly, the Court **DISMISSES** Plaintiffs' complaint **WITH PREJUDICE**.

**2. Motion to Expunge Recorded Lis Pendens**

JP Morgan also argues that, if this Court dismisses Plaintiffs' claim, the recorded lis pendens should be expunged as well. (Mot. to Dismiss 9, ECF No. 6-2). Under California Code of Civil Procedure section 405.20, "[a] party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged." A recorded lis pendens "serves as notice to prospective purchasers, encumbrancers and transferees that there is litigation pending that affects the property . . . [and] acts as a cloud against the property, effectively preventing sale or encumbrance until the litigation is resolved or the lis pendens is expunged." *Amalgamated Bank v. Superior Court*, 57 Cal. Rptr. 3d 686, 690 (Cal. Ct. App. 2007) (citation omitted).

"Section 405.30 allows the property owner to remove an improperly recorded lis pendens by bringing a motion to expunge." *Kirkeby v. Superior Court*, 93 P.3d 395, 398 (Cal. 2004). Courts are required to "order the [lis pendens] notice expunged if the court finds that the pleading on which the notice is based does not contain a real property claim." Cal Civ. Proc. Code § 405.31. Thus, if the pleading upon which the lis pendens notice is based does not succeed in stating a claim that affects title or right to possession of the property at issue, then the court must order the recorded lis pendens notice expunged. *See Smith v. Aurora Loan Services*, No. CIV S-10-0198 MCE DAD P, 2010 WL 3504899 at 6* (E.D. Cal. Sept. 7, 2010) (recommending that defendant's motion to expunge lis pendens notice be granted because plaintiff's complaint failed to plead a cognizable claim); *Mendiola v. MTC Fin., Inc.*, No. 08cv2222 L (JMA), 2009 WL 1532058 at *3 (S.D. Cal. May 29, 2009) (holding that a defendant's motion to expunge the lis pendens recorded by plaintiff should be granted because plaintiff failed to state a claim against

defendant).  Moreover, "if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of" a real property claim, then "the court shall order that the [lis pendens] notice be expunged . . . ."  Cal Civ. Proc. Code § 405.32.

Here, the Court has ordered that Plaintiffs' claim be dismissed for failure to state a claim upon which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6).  Thus, Plaintiffs' pleading upon which the Lis Pendens is based, does not state a real property claim.  Nor have Plaintiffs established by the preponderance of the evidence the probable validity of a real property claim.  *See* Cal Civ. Proc. Code §§ 405.31, 405.32.  Accordingly, the Court **GRANTS** JP Morgan's motion to expunge the Lis Pendens.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** JP Morgan's motion to dismiss.  Plaintiffs' claim is **DISMISSED WITH PREJUDICE**.  In addition, Defendant's motion to expunge the Lis Pendens is **GRANTED**.  The lis pendens notice regarding the property located at 2502 and 2508 Rainbow Valley Blvd., Fallbrook, California, and recorded in the San Diego County Recorder's Office as Document Number 2012-0120046 is **HEREBY EXPUNGED** from the public record.

**IT IS SO ORDERED**.

DATED: July 10, 2013

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge